UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Breyan, | ) | Case No. 2:24-cv-05273-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Clerk of Court, | ) | |
| United States District Court for the | ) | |
| South District of California, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Michael Breyan ("Plaintiff") was involuntarily committed to the Columbia Regional Care Center in Columbia, South Carolina after being found incompetent to stand trial for the reasons set forth in S.C. Code Ann. § 44-23-410 before the McCormick County Court of General Sessions.[1] (*See* Indictment Nos. 2022-GS-35-00072–75.) Plaintiff, proceeding *pro se*, now brings this civil action pursuant to 42 U.S.C. § 1983 against the Clerk of Court for the United States District Court for the Southern District of California ("Defendant"), alleging that he or she violated his Fourth Amendment rights by failing to return certain property. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review this case and submit findings and recommendations to the United States District Judge. For the following reasons, the undersigned recommends that this action be transferred to the United States District Court for the Southern District of California.

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's criminal proceedings before the McCormick County Court of General Sessions. *See* Public Index, https://www.sccourts.org/casesearch/ (limiting search to McCormick County) (last visited Sept. 26, 2024); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (same); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (explaining that the court may also take judicial notice of factual information located in postings on government web sites).

According to the Complaint, Plaintiff sent a "book" to the "[California] Courts as evidence" and asked Defendant to return the book, although he or she has not yet done so. (Dkt. No. 1 at 6.) Plaintiff claims that by this point, he could have "typed up" 52 million copies of book and sold them for $25.00 each, such that Defendant "cost [him] the value or $25.00 x 52 million." (*Id.*) To that end, he seeks damages in that same amount and requests that "a copy of the book [be] sent back to [him]." (*Id.*) This is the extent of Plaintiff's Complaint.

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in one of the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court); *Rouse v. Nessel*, No. 8:20-cv-954-DCC-JDA, 2020 WL 6279198, at *8 (D.S.C. July 6, 2020) ("A court may raise the issue of defective venue *sua sponte*."), *adopted*, 2020 WL 4435189 (D.S.C. Aug. 3, 2020).

Here, Plaintiff's claims against Defendant do not meet any of the criteria under 28 U.S.C. § 1391. As a threshold matter, Defendant does not appear to be a citizen or resident of South Carolina. Moreover, notwithstanding the somewhat nonsensical nature of Plaintiff's allegations, it seems that the events giving rise to his claims—mainly, Defendant's purported failure to return Plaintiff's book—occurred in California, not South Carolina. Thus, it appears the only connection to South

2

Carolina here is Plaintiff's current address. The undersigned therefore finds that venue for this action more properly lies in the Southern District of California, where Defendant is located, and the purported constitutional violation occurred. Thus, for the convenience of the parties and in an abundance of caution for the *pro se* plaintiff, the undersigned **RECOMMENDS** that this Court transfer—rather than summarily dismiss—the instant case to the United States District Court for the Southern District of California so that the proper district court may evaluate Plaintiff's claims.

    **IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 1, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).